IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CHARLES MOA,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT DEFENDANT'S MOTION TO CONTINUE JURY TRIAL<br><br><br>Case No. 2:24-CR-154 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant Charles Moa's Motion to Continue Jury Trial.[1] For the reasons discussed below, the Court will take the motion under advisement.

　　　　Defendant Charles Moa was charged in an Indictment on May 1, 2024. Trial was initially set for July 15, 2024. The trial was continued several times and was most recently set to begin on July 7, 2025. Defendant filed a motion to suppress on May 19, 2025, which the Court denied on July 2, 2025. The Court struck the trial date after the motion to suppress was filed.

　　　　Defendant filed a motion to continue on July 15, 2025, seeking to set the trial for November 4, 2025. As a basis for continuing the trial date, Defendant asserts that the Court "directed the parties to file a motion to continue," the parties "conferred and jointly request" the trial to begin on November 4, and that the parties "believe that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant."[2]

---

[1] Docket No. 61.

[2] *Id.*

1

Under the Speedy Trial Act, trial must commence within 70 days of the filing of an indictment or initial appearance, however time may be excluded under the 70-day calculation for various circumstances, including "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interest of the public and the defendant in a speedy trial."[3] "In order to exclude this time pursuant to the ends-of-justice provision, . . . the Speedy Trial Act requires that 'the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.'"[4] The Tenth Circuit has explained that this requirement is not met by "[a] record consisting of only short, conclusory statements lacking in detail."[5] Instead, the record must "contain an explanation of why the . . . the event identified by the party as necessitating the continuance results in the need for additional time."[6]

Defendant's Motion fails to assert sufficient detail to support an ends of justice continuance under the above-stated standard. Further, Defendant's Motion fails to comply with DUCrimR 12-1(l), which sets forth the items that must be included in a motion to continue. The Court directs the parties to refile a motion with sufficient detail explaining why a continuance is in the ends of justice and referencing the factors the Court must consider under 18 U.S.C. §

---

[3] 18 U.S.C. § 3161(h)(7)(A).

[4] *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009) (citing 18 U.S.C. § 3161(h)(7)).

[5] *Id.* at 1271.

[6] *Id.*

3161(h)(7)(A)(i)–(iv), and in compliance with the local rules. The Court further directs the parties to use the "Speedy Trial Act Motion" and Speedy Trial Act Order" forms available on the Court's website when filing motions to continue with this Court.

    SO ORDERED

    DATED this 17th day of July, 2025.

                                      BY THE COURT:

                                      Ted Stewart
                                      United States District Judge